UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| JAMES V. WALSH, | ) |
| Plaintiff, | ) Case No. 1:08-cv-1132 |
| v. | ) Honorable Robert Holmes Bell |
| INTERNAL REVENUE SERVICE, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

This is a civil action brought against the United States for the refund of $12,920.00 in taxes collected from Maureen F. Walsh. The action, however, is brought by her brother, James V. Walsh, proceeding *in pro per*. Mr. Walsh asserts that he has a written power of attorney from his sister, who suffers from a disability.

The matter came before the court for hearing on defendant's motion to dismiss the complaint, for lack of standing. The motion was referred to me, and I conducted a hearing on March 30, 2009. At the conclusion of the hearing, I entered an order directing Mr. Walsh to arrange for the appearance of counsel no later than April 29, 2009. The order (docket # 12) relied on 28 U.S.C. § 1654, which provides that cases in the courts of the United States may be conducted only by the parties personally or through counsel. The statute does not allow for an unlicensed layman to represent anyone in federal court other than himself. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The fact that Mr. Walsh has a power of attorney does not change this result. *See J. M. Huber Corp. v.*

*Roberts*, No. 88-6160, 1989 WL 16866, at * 1 (6th Cir. Feb. 17, 1989); *Brown v. Middlebrook*, No. 08-3312, 2009 WL 536553, at * 1 (D. Kan. Mar. 3, 2009); *Doyle v. Schumann*, No. 1:07cv3684, 2008 WL 397588, at * 2 (N.D. Ohio Feb. 11, 2008); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004). On this basis, Mr. Walsh was directed to procure counsel, who would then be in a position to file a petition for appointment of a next friend to prosecute this action on behalf of Maureen F. Walsh, upon appropriate evidence of incompetence or other disability that would prevent her from asserting her own rights. *See* FED. R. CIV. P. 17(c).

After the entry of that order, Mr. Walsh requested and was granted three extensions of time in which to procure the appearance of counsel. The last order (docket # 18) granted Mr. Walsh until October 1, 2009, in which to comply. That deadline has now expired without action.

**Recommended Disposition**

As Mr. Walsh has not complied with the order to procure the appearance of counsel, this case is subject to dismissal without prejudice, as he is not authorized to assert the rights of Maureen F. Walsh. I therefore recommend that a judgment be entered dismissing this action without prejudice.

Dated:  October 13, 2009        /s/  Joseph G. Scoville
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474

U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).